IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 17-0056-CG-B |
| ) | |
| CLAUDE W. DIAMOND ) | |

# ORDER

This matter is before the Court on the motion on Defendant's motion to suppress evidence and request for evidentiary hearing (Doc. 27), and the Government's opposition thereto (Doc. 28). For the reasons explained below, the Court finds that Defendant's motion should be denied.

Defendant seeks to suppress as evidence any and all items seized, statements made about any of the foregoing, and to prohibit any testimony regarding any statements made by the Defendant or any other witness subsequent to a search of Defendant's home conducted pursuant to a warrant on February 10, 2017. Defendant contends that the affidavit that supported the search warrant was insufficient to establish probable cause. The affidavit offered in support of the search warrant included the following:

> On February 6, 2017 CI number 1701 came the Sheriff office located inside the courthouse at 117 S. Mulberry ave. 1701 stated that he had been residing at 3207 Riderwood Dr. for about a week and had received morphine 60 mg. 1701 stated that he has been working for Claude Diamond and operation of illegal sale and distribution of illegal narcotics. 1701 stated that the gun cabinet is located to the left after walking through the front door is where Claude Diamond distributed 6 pills to the hand of 1701 at which time 1701 stated that he saw various

types of narcotics in various containers on the top shelf of the gun cabinet. 1701 was informed by Claude Diamond that there is a large shipment of various narcotics being delivered to 3207 Riderwood dr. On Friday February 10, 2017 at 4:00 pm. The narcotics are to be transported by Michael Land driving an older model blue in color Chevrolet S10. CI number 1701was requested to be present at the time of delivery by Claude Diamond to help in the selling of said narcotics. CI number 1701 has given reliable information in regards to narcotic sales in the county to myself and to other law enforcement personnel for extended periods of time in the past.

(Doc. 27-1). Defendant contends the affidavit was not sufficient because the informant was unreliable and the information from the informant was not corroborated.

As the Government points out, to be entitled to a suppression hearing, a defendant must "allege facts that, if proved, would require the grant of relief." *United States v. Richardson*, 764 F.2d 1514, 1527 (11th Cir. 1985). In the instant case, the issue before the Court is whether the affidavit was sufficient to establish probable cause. "The question of what amounts to probable cause is purely a question of law." *United States v. Allison*, 953 F.2d 1346, 1350 (11th Cir. 1992) (citation omitted). Because Defendant's motion is based on questions of law, not fact, no hearing is required.

The Court begins with the recitation of well-established law on probable cause:

> "[P]robable cause is a fluid concept--turning on the assessment of probabilities in particular factual contexts[.]" *Illinois v. Gates*, 462 U.S. 213, 232, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). To avoid "rigid" legal rules, *Gates* changed the "two- pronged test" of *Aguilar v. Texas*, 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), into a totality of the circumstances test. *See Gates*, 462 U.S. at 230-35, 103 S.Ct. 2317. Under the *Gates* totality of the circumstances test, the "veracity"

> and "basis of knowledge" prongs of *Aguilar*, for assessing the usefulness of an informant's tips, are not independent. "[T]hey are better understood as relevant considerations in the totality of the circumstances analysis that traditionally has guided probable cause determinations: a deficiency in one may be compensated for ... by a strong showing as to the other[.]" *Id.* at 233, 103 S.Ct. 2317.

*United States v. Brundidge*, 170 F.3d 1350, 1352-53 (11th Cir. 1999). The "duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . concluding that probable cause existed." *Gates*, 462 U.S. at 238-39 (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)). Of course, "[a]n affidavit must provide the magistrate with a substantial basis for determining the existence of probable cause," and "wholly conclusory" statements do not meet the probable cause requirement. *Gates*, 462 U.S. at 239. "Information [in the warrant application] must be timely for probable cause to exist, for probable cause must exist at the time the magistrate judge issues the search warrant." *United States v. Magluta*, 198 F.3d 1265, 1271-72 (11th Cir. 1999), vacated in part on other grounds, 203 F.3d 1304 (2000), quoting *United States v. Green*, 40 F.3d 1167, 1172 (11th Cir. 1994) and *United States v. Harris*, 20 F.3d 445, 450 (11th Cir. 1994).

Defendant asserts that the affidavit fails to establish that the confidential informant was reliable or that any of the information from the informant was corroborated. Analyzing the affidavit under the totality of the circumstances, the Court finds that the information contained in the warrant is sufficient to establish probable cause. The affidavit states that the informant has given reliable information regarding narcotic sales in the county to the officer as well as other law

3

enforcement personnel for extended periods of time in the past.  Thus, it states that the informant had an extended history of reliability.

Moreover, even a potentially unreliable informant's "explicit and detailed description of alleged wrongdoing, along with a statement that the event was first observed firsthand, entitles his tip to greater weight than otherwise be the case." *Gates*, 462 U.S. at 234.  The Eleventh Circuit has held that "requiring independent police corroboration—as a per se rule in each and every case—is contrary" to established precedent. *Brundidge,* 170 F.3d at 1353 (footnote omitted). Corroboration may be accomplished by creating circumstances under which the informant is unlikely to lie. *United States v. Foree*, 43 F.3d 1572, 1576 (11th Cir. 1995).  The fact that the informant here provided detailed descriptions corroborates the informant's veracity, because "if the warrant issued, lies would likely be discovered in short order and favors falsely curried would dissipate rapidly." *Id*. (citing *Foree*, 43 F.3d at 1576).

In the instant case, the informant had proven reliable for an extended period of time and he reported that he purchased narcotics from within the premises to be searched just three days before Investigator Johnson obtained the warrant. The informant had been residing at the residence in question for about a week and provided detailed information regarding the inside of the residence and location of narcotics as well as specifics of the narcotics shipment.  The informant reportedly had firsthand knowledge of the premises and the presence of narcotics.  Under the totality of the circumstances, the Court concludes that the affidavit establishes the

4

informant's reliability, and that "the magistrate had a substantial basis for . . . concluding that probable cause existed." *Gates, supra*.

## CONCLUSION

For the reasons stated above, defendant's motion to suppress (Doc. 27), is **DENIED**.

**DONE** and **ORDERED** this 31st day of May, 2017.

                         /s/ Callie V. S. Granade
                         **SENIOR UNITED STATES DISTRICT JUDGE**